quality. Therefore the verdict was even against the weight of evidence.

A careful reading of the whole case convinces us that the judgment must be reversed and a new trial had; and it is so ordered, with costs to appellant to abide event.

---

### POINDEXTER v. CARLETON.

(City Court of New York, General Term. December 29, 1899.)

TRIAL—STRIKING CASE FROM CALENDAR—MOTION.
     A motion to strike a cause from the calendar because not regularly therein is in time, if made when the cause is reached on the day calendar.

Appeal from special term.

Action by Alfred Poindexter against Henry Guy Carleton. From order denying a motion to strike the case from the calendar, defendant appeals. Reversed, and motion granted.

Argued before FITZSIMONS, C. J., and O'DWYER, J.

Burnham Kalisch, for appellant.
Hector M. Hitchings, for respondent.

O'DWYER, J. On October 25, 1898, defendant served his answer. October 26, 1898, plaintiff served notice of trial for November 4, 1898. October 31, 1898, defendant served an amended answer. No further notice of trial was served; and, in opposing a motion to advance the cause to the short-cause calendar, defendant, in his affidavit, distinctly made the point that the case was improperly on the calendar, inasmuch as no notice of trial was served after the service of the amended answer. Defendant herein did not waive his right to the relief asked for, and, having made the motion before the case was regularly reached, he was in ample time. He had a right to wait until the case was reached on the day calendar, and then move to strike it therefrom, if irregularly thereon.

Order appealed from should be reversed, and motion granted, with $10 costs and disbursements.

FITZSIMONS, C. J., concurs.